```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,            :
          Plaintiff             :
     v.                         : Civil Action No. 05-17J
LAZER & BENDER, DMD, P.C.,      :
          Defendant             :
```

### Report and Recommendation

Recommendation

Plaintiff filed a <u>pro se</u> complaint citing 42 U.S.C.§ 1983, 42 U.S.C.§ 1985, and the Americans with Disabilities Act, 42 U.S.C.§ 12101, <u>et seq.</u>, against defendant, a dental practice. Pending is defendant's motion for summary judgment, docket no. 10, which plaintiff does not oppose. The defendant's motion, which really can be considered a motion for judgment on the pleadings, see Fed.R.Civ.P. 12(c), should be granted.

Report

Plaintiff alleges that he is disabled and uses a wheelchair or crutches, and that defendant's parking lot does not have the required number of ADA compliant parking spaces. No further facts are alleged. Plaintiff has not responded to defendant's motion nor filed a cross motion of his own despite my order to do so.

Plaintiff has filed many complaints similar to the complaint against defendant and has clarified in many of those cases that the citation of the civil rights laws was not intended to state claims under Section 1983 and Section 1985 of Title 42 in addition to a claim under the ADA. Because those statements do not appear of record here, brief legal discussion is necessary. The non-ADA civil rights claims should be dismissed because a federal statute such as

the ADA which provides its own comprehensive enforcement scheme should be presumed to exclude a right of action under Section 1983. See <u>Middlesex County Sewerage Authority v. National Sea Clammers Ass'n</u>, 453 U.S. 1, 20-21 (1981). Additionally, defendant is not alleged to have acted under color of state law (necessary for a Section 1983 claim) nor to have entered into a conspiracy (necessary for a Section 1985 claim) to deprive plaintiff of his civil rights.

To state a claim under Title III of the ADA a plaintiff must show that he has suffered some concrete and particularized injury, <u>see</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992), separate and apart from the state of the world in general. For instance, under Title III of the ADA, a legal injury is "a real and immediate threat that a particular (illegal) barrier will cause future harm." <u>Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc.</u>, 405 F.3d 60, 64 (1st Cir.2005), <u>quoting</u> <u>Dudley v. Hannaford Bros. Co.</u>, 333 F.3d 299, 305 (1st Cir.2003).

Plaintiff does not allege that he will suffer harm from the state of the defendant's parking lot, nor does he allege that he ever suffered harm there. Simply alleging his disability and defendant's deficiency in complying with the ADA is not enough to confer standing. To illustrate, if the ADA hypothetically required defendant to have four handicap parking spots and defendant provided only three, plaintiff can suffer no legal injury and has no standing to challenge the lack of the fourth spot unless the first, second, or third spots were already occupied (by other disabled persons properly using the spots) on a particular occasion, and the lack of

2

a fourth spot deterred him in fact from using defendant's business. For a Title III claim, plaintiff must additionally allege the reasonable likelihood that this will happen in the future. The pleadings contain no such allegations. Judgment should be entered for defendant.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 28 October 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

Eric D. Hochfeld, Esquire
430 Main Street
Johnstown, PA 15901